RECEIVED

SEP - 4 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

WILLIAM E. COBURN

versus

CIVIL ACTION NO. 12-2163
JUDGE TOM STAGG

INTERNATIONAL PAPER COMPANY,
ET AL.

---

## MEMORANDUM RULING

William Coburn ("Coburn") filed this action in state court against his former employer, International Paper Company, and Sedgwick Claims Management Company (hereinafter collectively referred to as "the defendants"). The defendants removed the case to this court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). See Record Document 1. Because the court finds that the defendants failed to establish that the amount in controversy exceeds $75,000, the case is **REMANDED** to state court.

## I. BACKGROUND

Coburn's state court petition alleges that the defendants wrongly denied him benefits due under his salary continuation plan after he became disabled in August 2009. See Record Document 1, Ex. 1 at ¶¶ 5-8. Coburn claims that the defendants

are liable to him for lost wages, penalties, and attorneys' fees pursuant to Louisiana's unpaid wages statutes. See La. R.S. 23:631 et seq. He also asserts a bad faith breach of contract claim and seeks "actual damages, including but not limited to mental anguish and pain and suffering." See Record Document 1, Ex. 1 at ¶¶ 12-14. However, in accordance with Louisiana procedural law, Coburn's state court petition does not allege a specific amount of damages. See La. Code Civ. Proc. art. 893.

## II. LAW & ANALYSIS

A.  **Amount In Controversy Requirement.**

Federal courts have subject matter jurisdiction over state law claims where the parties are of diverse citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). If a defendant removes such a case based on an assertion of diversity jurisdiction, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1446 (c)(2)(B); De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993). Because Coburn's petition does not allege an amount of damages, the defendants must present facts in their notice of removal that support a finding of the requisite amount. See Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

The court notes that Coburn did not file a motion to remand in this case.

However, this court must address the jurisdiction issue <u>sua sponte</u> since a "party may neither consent to nor waive federal subject matter jurisdiction." <u>Simon</u>, 193 F.3d at 850. "[S]ubject-matter delineations must be policed by the courts on their own initiative." <u>Gasch v. Hartford Acc. & Indem. Co.</u>, 491 F.3d 278, 281 (5th Cir. 2007)(quoting <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583, 119 S.Ct. 1563 (1999)).

**B.  Analysis.**

As noted, Coburn's complaint does not allege a specific amount of damages. In their notice of removal, the defendants argue that Coburn's demands for (1) lost wages, (2) penalties pursuant to Louisiana Revised Statute 23:632, (3) actual damages (including mental anguish and pain and suffering), and (4) attorneys' fees total more than $75,000 in the aggregate.

The defendants correctly calculate the amount of lost wages in dispute, which is $24,544. They are also correct that statutory penalties may serve to establish jurisdiction. See e.g., <u>St. Paul Reinsurance Co., Ltd. v. Greenberg</u>, 134 F.3d 1250, 1253 (5th Cir. 1998). In his petition, Coburn prayed for penalties pursuant to Louisiana Revised Statute 23:632, which provides in relevant part that "[a]ny employer who fails to [timely pay wages] shall be liable to the employee . . . for ninety days wages." At Coburn's rate of pay of $35.40 per hour, Coburn would be

entitled to $25,488 in penalties. Therefore, Coburn's claims for lost wages and penalties total only $50,032, nearly $25,000 shy of the jurisdictional requirement.

The defendants contend that the value of Coburn's claims for damages and attorneys' fees would exceed $25,000. The court disagrees. Coburn did not plead any facts that would support a significant award of damages. Rather, his petition lists boilerplate categories of damages sought such as "mental anguish" and "pain and suffering," terms which are likely found in most petitions filed in state court. The court cannot consider such an unsupported listing in calculating the amount in controversy. A $50,000 case does not become a federal case just because the plaintiff's attorney listed several damage categories in his petition.

With respect to attorneys' fees, the court may only include an estimated reasonable fee in assessing the amount in controversy. See Grant v. Chevron Phillips Chem. Co., 309 F.3d 864, 874 (5th Cir. 2002); Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3712, pp. 274-76 (1998). Assuming Coburn fully succeeded at trial and earned a verdict of $50,032, the court would have to award nearly $25,000 to raise the amount in controversy above $75,000. That would be approximately a 50% fee on the $50,032 recovered. Such a fee is highly unlikely, especially in this instance given the lack of complexity of the case and the amount at stake.

Though it is possible Coburn could recover unspecified damages and a generous attorneys' fees award, mere possibility is not enough. The burden is on the defendants to establish that it is more likely than not that the total amount in controversy exceeds $75,000, and any doubt about the propriety of removal must be resolved in favor of remand. See Gasch, 491 F.3d at 281. There is room for considerable doubt that Coburn, even if successful in gaining a verdict for all of his lost wages and penalties, would also garner an award of unspecified damages and attorneys' fees of nearly $25,000. That doubt means the defendants have not satisfied their burden.

### III. CONCLUSION

Based on the foregoing analysis, this case is **REMANDED** to the Forty-Second Judicial District, Desoto Parish, Louisiana.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 4th day of September, 2013.

JUDGE TOM STAGG